Filed 6/1/26  P. v. Graves CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BRIAN LEWIS GRAVES,<br>　　　Defendant and Appellant. | C103301<br><br>(Super. Ct. No. 24F-03968) |

Appointed counsel for defendant Brian Lewis Graves filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no arguable issues.  Our review of the record revealed an error in the trial court's judgment imposing but staying the execution of certain fees.  We will order those fees stricken from the judgment and otherwise affirm.

BACKGROUND

In 2024, the People charged Graves with failure to register within five working days of release from incarceration (Pen. Code, § 290.015, subd. (a)) and alleged the aggravating circumstances that Graves had served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)), that he was on probation or parole when he committed the

1

offense (*id.*, rule 4.421(b)(4)), and that his prior performance on probation or parole was unsatisfactory (*id.*, rule 4.421(b)(5)).[1]

At a hearing on July 30, 2024, Graves indicated that he wished to represent himself. Graves completed a waiver form, and the trial court advised him of his right to counsel and reviewed the waiver form with him. The court found that Graves voluntarily and intelligently waived his right to counsel and allowed him to represent himself.

At a subsequent hearing, Graves indicated that he wished to proceed with a bench trial. The trial court advised Graves of his right to a jury trial and found Graves knowingly and voluntarily waived that right.

At the bench trial, the People introduced evidence that Graves had previously been convicted of indecent exposure with a prior (§ 314). Graves's parole agent testified that Graves was released from custody on April 13, 2024 and that he spoke to Graves about the requirement to register within five working days. A police officer services supervisor testified that Graves came to the police department on April 22, 2024, but the department was not open for registrations that day. Graves completed his registration packet on April 23, 2024.

The trial court found Graves guilty of failure to register and found true the alleged aggravating circumstances. The court sentenced Graves to the middle term of two years' imprisonment. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(1)); a $300 parole revocation restitution fine (§ 1202.45, subd. (a)), suspended unless parole is revoked; a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facilities assessment (Gov. Code, § 70373). Based on the evidence presented at trial, the court found that Graves did not have the current ability to pay his fines and fees and, on that basis, stayed execution of any restitution fine and assessment fees imposed, "unless

---

[1] Undesignated statutory references are to the Penal Code.

and until the [c]ourt holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."

Graves timely appealed.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Graves was advised by counsel of the right to file a supplemental brief within 30 days after the filing of the opening brief. Graves did not file a supplemental brief.

Our review of the record revealed an error in the trial court's imposition of certain fees. In *People v. Kopp* (2025) 19 Cal.5th 1, our Supreme Court held that, if a defendant requests, a trial court must consider a defendant's inability to pay before imposing a court operations assessment under section 1465.8, subdivision (a)(1) or a court facilities assessment under Government Code section 70373, subdivision (a)(1). (*Kopp*, at p. 31; *id.* at p. 30 [because the Legislature has provided fee waivers to indigent civil litigants, "equal protection principles require a court, upon request, to consider a [criminal] defendant's inability to pay" before imposing either assessment].) Here, the trial court found Graves was unable to pay the court operations and court facilities assessments, but instead of waiving these fees as a court would do for an indigent civil litigant, the court imposed and stayed the ancillary costs. (See *id.* at p. 30 [noting lack of justification for "denying criminal defendants the right to seek a waiver of certain ancillary costs when civil litigants facing the same costs may receive such a waiver"].) Because the court in this case should have waived these fees upon its finding of an inability to pay, rather than stay their execution, we will strike the fees.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to Graves.

## DISPOSITION

The judgment is modified to strike the $40 court operations assessment (§ 1465.8, subd. (a)(1)) and $30 court facilities assessment (Gov. Code, § 70373). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


/s/
FEINBERG, J.

We concur:


/s/
MAURO, Acting P. J.


/s/
RENNER, J.

4